UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SANDRA D. CARTER,<br><br>                                      Plaintiff,<br><br>v.<br><br>WALTER R. CURFMAN, JR.,<br><br>                                    Defendant. | Civil Action No. 3:14–CV–97 |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on a Motion to Dismiss (ECF No. 2) by Sabrina Fowler ("Fowler" or "Movant"). Fowler argues that this Court lacks jurisdiction over this matter due to the defense of sovereign immunity. For the reasons stated below, the Court will GRANT Fowler's Motion.

**I.     BACKGROUND**[1]

    **A.  Legal Background**

Under 5 U.S.C. § 5520a(b), "pay from an agency to an employee is subject to legal process in the same manner and to the same extent as if the agency were a private person." Under 42 U.S.C. § 659,

> moneys . . . due from, or payable by, the United States or the District of Columbia . . . to any individual . . . shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and regulations of the Secretary under such subsections, and to any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.

Pursuant to 5 C.F.R. § 581.305(e)

---

[1] For the purposes of this Motion, the Court assumes all of Plaintiffs' well-pleaded allegations to be true, and views all facts in the light most favorable to Plaintiffs. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see* Fed. R. Civ. P. 12(b)(6).

(1) Neither the United States, any disbursing officer, nor any governmental entity shall be liable for any payment made from moneys due from, or payable by, the United States to any individual pursuant to legal process regular on its face, if such payment is made in accordance with this part.

(2) Neither the United States, any disbursing officer, nor any governmental entity shall be liable under this part to pay money damages for failure to comply with legal process.

### B. Factual and Procedural Background

Defendant Walter R. Curfman, Jr. ("Curfman") is the debtor in this matter. Plaintiff Sandra D. Carter ("Plaintiff" or "Carter") first filed a Garnishment Summons to the Social Security Administration ("SSA") on April 17, 2012. The return date for the summons was June 1, 2012, and Fowler, District Manager for the SSA in Richmond, Virginia did not respond. A Circuit Court for Henrico County, Virginia ("Henrico Circuit Court") then issued a show cause order with a return date of July 20, 2012. On June 12, 2012, Fowler sent a letter to the Henrico Circuit Court stating that the judgment debtor, Curfman, was not an employee of the SSA and that no funds were available. On July 20, 2012, the Henrico Circuit Court issued a second show cause order requiring Fowler to provide a more substantive answer.

Plaintiff again filed a Garnishment Summons with the SSA on October 21, 2013. On November 26, 2013, Fowler sent an answer to the Court stating that she could not comply with the request because the Summons didn't state whether it was for alimony or child support. Subsequently, the Henrico Circuit Court directed Plaintiff to send evidence to Fowler showing that the Garnishment Summons was for alimony including: (1) an Order of Contempt prepared by Carter's former attorney; (2) a copy of the Final Order; (3) a First Modification to Final Order; and (4) a show cause order. Also included in the packet of evidence was a cover letter that indicated that the matter had been continued until January 3, 2014. Fowler did not respond. On January 3, no appearance was made by SSA and the Henrico Circuit Court entered the show cause order ("Show Cause Order"), directing that a certified copy be served on Fowler. The Show Cause Order at issue was served on January 14, 2014. The Show Cause Order

commanded Fowler to appear before the Henrico Circuit Court on March 7, 2014 and "show cause if [as to] why she should not be held in contempt of Court or fined or imprisoned, or both, for failure to comply with the Garnishment Summons issued [to the Social Security Administration, Sabrina Fowler, District Manager] on October 21, 2013." (Notice of Removal Ex. 2, at 1). To date, Fowler has not communicated with Plaintiff directly or through a third party.

This matter was removed to this Court on February 11, 2014. Fowler filed a Motion to Dismiss on February 18, 2014. Plaintiff filed an opposition styled as a "Motion to Affirm Show Cause Order" on March 6, 2014. Fowler replied on March 12, 2014. No hearing is set and this matter is now ripe for review.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the claim is plausible,

and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 555; *see id.* at 555 n.3. The Court need not accept legal conclusions presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION

Removal jurisdiction is derivative of a state court's jurisdiction. *Smith v. Cromer*, 159 F.3d 875, 884 (4th Cir. 1998). As a consequence, the issue is whether sovereign immunity barred issuance of the Show Cause Order by the Henrico Circuit Court.

This Court lacks jurisdiction to enforce the Show Cause order because Fowler is a federal employee and sovereign immunity applies. While the "pay" of a federal employee can be subject to "legal process," *see* 5 U.S.C. § 5520a(b), and the United States may be sued "to enforce the legal obligation of the individual to provide child support or alimony," 42 U.S.C. § 659(a), nothing permits Plaintiff to implement an action for damages against a federal officer. While Plaintiff argues that she, personally, does not seek damages from Fowler, she also does not seek "legal process" in the form of a garnishment order or otherwise under § 5520a or § 659. Further a show cause order is a subpoena that carries the potential for a contempt citation, fine or imprisonment, or both.

A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *Edwards v. U.S. Dept. of Justice,* 43 F.3d 312, 317 (7th Cir. 1994). Fowler is a federal official acting within the scope of her employment, and Plaintiff has not shown that the Government has expressly waived its sovereign immunity. *McGrath v. Williams*, No. 8:13-CV-00833-AW, 2013 WL 4507613, at *3-4 (D. Md. Aug. 22, 2013) (applying sovereign immunity defense where a plaintiff moved a state court to order a federal employee to show cause based on the employee's alleged failure to comply with a writ of garnishment). As such, the Henrico Circuit Court had no jurisdiction to issue a show cause order.

## IV. CONCLUSION

Because the defense of sovereign immunity applies, the Court will GRANT Fowler's Motion to Dismiss.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Plaintiff. An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this \_\_\_23rd\_\_\_ day of April 2014.